IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

CLARENCE EARL CARR,

          Plaintiff,

    v.

JACKSON COUNTY, et al,

          Defendants.

Case No. 1:26-cv-01379-CL

**OPINION AND ORDER**

CLARKE, Magistrate Judge.

Plaintiff Clarence Carr, a self-represented litigant, seek to proceed *in forma pauperis* ("IFP") in this action against Defendants Jackson County, Patrick Green, Timothy Barnack, Raymond White, Justin Ivens, Bill Ford, Debbie Scales, Unknown Jackson County Sheriff Deputies, Davod Orf, and Donald Scales. For the reasons stated below, Plaintiffs' Complaint (ECF #1) is DISMISSED without prejudice and with leave to file an amended complaint within thirty (30) days of this Order. Plaintiffs' IFP application (ECF #2) is held in abeyance and will be reconsidered upon the filing of an amended complaint.

## DISCUSSION

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to the federal courts

despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Here, the Court's dismissal arises in the second prong. The Court has determined the litigant is financially eligible to proceed IFP. However, Plaintiff's claims run afoul of the *Rooker-Feldman* doctrine, and the claims appear to be well beyond the statute of limitations. For these reasons, the complaint fails to state a claim upon which relief may be granted and is dismissed.

The *Rooker-Feldman* doctrine precludes lower federal courts from hearing claims that collaterally attack prior state court decisions." *See Ignacio v. Judges of US Court of Appeals for the Ninth Circuit*, 453 F.3d 1160, 1165 (9th Cir. 2006); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Plaintiff alleges that he entered a guilty plea in the state court proceedings that he now seeks to overturn. This criminal conviction forms the basis of all of the claims alleged in Plaintiff's Complaint. This Court does not have jurisdiction to disturb a state court judgment –any final state court judgment can only be appealed to the Oregon Court of Appeals.

Additionally, Plaintiff states that his arrest and state court proceedings, which he alleges were fraudulent for a variety of reasons, took place in 2006. Therefore, even if Plaintiff has claims that are not dependent on overturning his criminal conviction, to the extent that the events or actions took place in 2006, any intentional tort or negligence claim, or civil rights claim under section 1983 would be far past the statute of limitations.

Page 2 – OPINION AND ORDER

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefits of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

For the reasons above, it is unlikely that the deficiencies of Plaintiff's Complaint can be cured by amendment. In an abundance of caution, the Court will dismiss without prejudice, and with leave to file a First Amended Complaint within thirty (30) days. If Plaintiff decides to file a First Amended Complaint, he should heed the information above, and attempt to clarify and explicitly state his plausible claims for relief, eliminate any claims that are based on overturning his state court criminal conviction, and clearly state the allegations of conduct or actions, for each specific defendant, that took place within the applicable statute of limitations.

## ORDER

For the reasons above, it is unlikely that the deficiencies of Plaintiff's Complaint can be cured by amendment. In an abundance of caution, the Court will dismiss without prejudice, and with leave to file an Amended Complaint within thirty (30) days. If Plaintiff fails to file a First Amended Complaint, or fail to cure the deficiencies identified above, the case will be dismissed with prejudice. Plaintiff's IFP application will be held in abeyance and reconsidered along with the First Amended Complaint, if any.

DATED this _31_ day of July, 2026.

_____

MARK D. CLARKE
United States Magistrate Judge